IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No.  1:18-cr-032 |
| v. | ) | |
| | ) | GOVERNMENT'S RESPONSE |
| KEVIN DUANE STALEY, | ) | TO DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant. | ) | |

The United States, by and through the United States Attorney for the Southern District of Iowa and the undersigned Assistant United States Attorney, and respectfully files a Sentencing Memorandum in the above captioned matter.

**I.      Procedural Background**

The defendant, Kevin Duane Staley, was indicted on May 30, 2018, on two counts, Count 1 charged Possession of a Firearm in Relation to a Drug Trafficking Crime, Count 2 charged Prohibited Person in Possession of a Firearm.  On September 5, 2018, the defendant entered a guilty plea to count two and admitted the forfeiture allegation.  (Pre-Sentence Report Paragraph 1, 2; hereinafter, PSR ¶¶ 1, 2).  The defendant is currently set for sentencing on January 17, 2019 in Council Bluffs, Iowa.

**II.     Defendant's Objections.**

The defendant does not appear to have any objections to the guideline calculations, which means the defendant is currently facing a sentencing range of 78 to 97 months.  (PSR ¶ 96).

**III.    Title 18 U.S.C. § 3553(a) factors.**

After determining the appropriate USSG sentencing range, the Court needs to determine a "reasonable sentence" using the Guidelines established sentence as a starting point.  "[A]

1

district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *United States v. Feemster,* 572 F.3d 455, 461 (8th Cir. 2009)(enbanc) citing, *Gall v. United States,* 552 U.S. 38 (2007).

The factors the Court must use to determine a reasonable sentence are:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed;

    (A) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the sentencing range from the guidelines;

(5) any pertinent policy statements by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to victims.

(18 U.S.C. § 3553(a)).

The defendant appears to make the argument that the sentence the court imposes should be reduced based on what has been coined as Iowa's "Stand Your Ground" statute. The defendant argues, as does probation, that since the defendant was "attacked" he had the right to shoot the assailant. The defendant fails to take into account that he did not qualify for the defense. "A person who is not engaged in illegal activity has no duty to retreat…". Iowa Code §

704.1 (3). The defendant was in the alley to distribute a controlled substance, and therefore was not entitled to the defense. In addition, the defendant was illegally in possession of the firearm, as his plea of guilty shows. He simply was not entitled to the defense.

The defendant also states he was being held down, with the victim on top of the defendant when the defendant fired the shot. (Def.'s Brief, page 3). The physical evidence and the witness to the shooting dispute this version of the incident. In fact, the defendant fired his handgun as the victim approached, not when the victim was on top of him. The defendant puts forth in his sentencing brief that the victim of the shooting had a knife. This also is not true. There was no knife found at the scene of the shooting and the witness to the shooting did not see a knife. Finally, in the defendant's first interview with law enforcement after the shooting, he told the investigators about a stick but did not mention a knife.

It is also of note that the defendant, who has for a considerable amount of time used illegal controlled substances, falsified his application for the purchase of the handgun he used in the shooting. The records show the defendant purchased the handgun on June 27, 2017, from BW Outfitters, Inc. in Anita, Iowa the .40 caliber handgun he had on October 11, 2017. To purchase a firearm from a licensed dealer, the filling out of ATF form 4473 is required. Question 11e states: "Are you an unlawful user of, or addicted to, marijuana or any depressant, stimulant, narcotic drug, or any other controlled substance?" The government is looking to retrieve the actual ATF 4473 form used for the defendant's purchase, but would assume that the dealer would not have sold the handgun to the defendant unless he answered the question "No", which clearly was a false statement. Had he answered honestly, he would not have been able to purchase the firearm he used in the instant case.

Besides the defendant setting in motion the events that led to the shooting, he also has a

history of violence, having threated to kill people. In PSR ¶ 37, the defendant was allowed to plead to disorderly conduct when he threaten to kill a person in 2000. PSR ¶ 50, though not a conviction, shows that the defendant threaten to kill his mother. In addition, the defendant posted notices on social media that he was looking to kill someone. It can be argued that the defendant was looking for an opportunity to use his firearm as he did on October 11, 2017.

**IV.     Conclusion**

The government will call as a witness Special Agent Kennedy of the Iowa Division of Criminal Investigations to establish the facts in this pleading. The sentencing should not take more than 45 minutes.

Based on the nature of the offense and the factors provided by 18 USC 3553(a) the government would ask the Court to impose a sentence that is at the high end of the sentencing range, and the Court should consider a ten year sentence.

Respectfully Submitted,

Marc Krickbaum
United States Attorney

By:   *S/Richard E. Rothrock*_____
Richard E. Rothrock
Assistant United States Attorney
8 South 6th Street, Suite 348
Council Bluffs, Iowa 51501
Tel: 712-256-5009
Email: Richard.Rothrock@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail _____ Fax _____Hand Delivery

 X    ECF/Electronic filing    \_\_\_\_Other means

UNITED STATES ATTORNEY

By: */s/PAC*
    Paralegal Specialist